UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISINA
LAFAYETTE DIVISION

| | |
|---|---|
| CAL DIVE INTERNATIONAL, INC. and UNDERWRITERS SEVERALLY SUBSCRIBING TO LLOYD'S POLICY PE0903008 | CIVIL ACTION NO. |
| VERSUS | JUDGE: |
| ANDREW SCHMIDT, THOMAS R. EDWARDS, THOMAS R. EDWARDS, INC., APLC JOSEPH W. WALKER, BHG STRUCTURED SETTLEMENTS, INC., and BERKSHIRE HATHAWAY LIFE INSURANCE COMPANY OF NEBRASKA | MAGISTRATE: |

## COMPLAINT

Plaintiffs, Cal Dive International, Inc. and Underwriters Severally Subscribing to Lloyd's Policy PE0903008 ("Underwriters"), respectfully represent:

## JURISDICTION AND VENUE

**1.**

This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. § 1333 because it involves a maritime contract subject to admiralty jurisdiction.

**2.**

Venue of this adversary proceeding is proper in this Court pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

## PARTIES

**3.**

Plaintiff, Cal Dive International, Inc., is a Delaware corporation doing business in Broussard, Louisiana with its principal place of business located in Houston, Texas.

**4.**

Plaintiff, Underwriters, has their principal places of business located in London, England.

**5.**

Defendant, Andrew Schmidt, is a person of the full age of majority domiciled in the state of Texas.

**6.**

Defendant, Thomas R. Edwards, is a person of the full age of majority domiciled in the state of Louisiana.

**7.**

Defendant, Thomas R. Edwards, Inc., APLC is a Louisiana professional law corporation with its principal place of business located in the state of Louisiana.

**8.**

Defendant, Joseph W. Walker, is a person of the full age of majority domiciled in the state of Texas.

**9.**

Defendant, BHG Structured Settlements, Inc., is a Missouri corporation with its principal place of business located in Maryland Heights, Missouri.

**10.**

Defendant, Berkshire Hathaway Life Insurance Company of Nebraska, is a foreign insurer licensed and doing business in Louisiana with its principal place of business located in Omaha, Nebraska.

**FACTUAL BACKGROUND**

**The Prior Litigation**

**11.**

Defendant, Andrew Schmidt ("Schmidt"), is a commercial diver formerly employed by plaintiff, Cal Dive International, Inc. ("Cal Dive").

**12.**

On April 19, 2012, Schmidt filed a Complaint invoking this Court's admiralty and maritime jurisdiction under the Jones Act, 46 U.S.C. § 30104, against Cal Dive in the matter *Andrew Schmidt v. Cal Dive International, Inc.*, Civil Action No. 6:12-cv-00930 (the "Schmidt Litigation").

**13.**

Schmidt was represented in the Schmidt Litigation by defendants, Thomas R. Edwards and/or Thomas R. Edwards, Inc., APLC (collectively "Edwards") and Joseph W.

Walker ("Walker"), both of whom are licensed attorneys, pursuant to one or more contingency fee agreements between Schmidt and his attorneys.

**14.**

In the Complaint, Schmidt alleged that he was permanently disabled after performing a dive during the course and scope of his employment with Cal Dive on April 7, 2010. *See* Doc. 1, Case No. 6:12-cv-00930, ¶¶ 4-6.

**15.**

Schmidt alleged that he suffered a permanent brain stem injury, hyperbaric injuries and psychological injuries as a result of the alleged negligence of Cal Dive. *Id.*, ¶¶ 6-7.

**16.**

During the course of the Schmidt Litigation, Schmidt presented medical evidence contending that he incurred Type II neurological (cerebral) decompression sickness that has manifested itself with injuries to the brain stem and that he requires HBOT and aqua therapy for the remainder of his life.

**17.**

Schmidt alleged that his symptoms require him to remain in a supine position and include headaches, dizziness, postured orthostatic symptoms, fatigue, depression, anxiety, and likely cognitive dysfunction. Schmidt also claimed that he could not walk unassisted for more than very brief periods of time, rendering him essentially immobile.

**18.**

Schmidt represented that his injuries were severe and permanent and that he was totally and completely disabled for the rest of his life and unable to care for himself. Schmidt and his doctors claimed that his condition would never improve and could not be cured. His doctors testified that he was at maximum medical improvement in 2013.

**19.**

During the course of the litigation, Schmidt was deposed over three days, on December 12, 2012, January 21, 2013, and January 24, 2013. Schmidt appeared for the depositions in a reclining wheelchair and gave his entire deposition while reclining on a couch.

**20.**

Schmidt testified, under oath, that as a result of his alleged injuries he has severe intolerance to being upright. On his best days, which he testified were rare, Schmidt claimed that he can only stand upright for three or four minutes at a time, and no more than two or three times a day. Even a short amount of time in his reclining wheelchair causes him to feel sick and lightheaded. As a result, Schmidt testified, he spends more than 90% of his day lying down on the couch.

**21.**

Schmidt testified that he can no longer drive a car and that in order to travel he has to either lie down in the backseat or be transported by an ambulance. Schmidt testified that he is essentially immobile, an invalid and a shut in.

**22.**

Schmidt testified that even the slightest amount of physical exertion or exercise causes him excruciating pain. Schmidt testified that before his injury, he would regularly jog about three miles a day. Since his injury, Schmidt testified that he is no longer able to engage in any exercise without extreme pain, except light swimming.

**23.**

Based upon Schmidt's testimony and representations to various doctors, his experts recommended that he requires 18 hours per day of attendant care for the next 46.3 years and that he needs power wheelchairs and a van with wheelchair accessibility.

**24.**

Prior to settlement, Cal Dive diligently investigated Schmidt at considerable expense but did not find any evidence indicating that Schmidt was feigning his alleged injuries and disability.

**25.**

A pre-trial settlement conference was held in the Schmidt Litigation on October 15, 2013. Schmidt appeared for the settlement conference in his reclining wheelchair.

**26.**

At the conclusion of the conference, the parties advised the Court that they had reached an amicable settlement. Doc. 92, Case No. 6:12-cv-00930. The terms of the settlement were read in open court and placed on the record. *Id.*

**27.**

A portion of the settlement proceeds was funded by Cal Dive and a portion was funded by Underwriters, Cal Dive's insurer.

**28.**

On or about December 12, 2013, a portion of the settlement proceeds was disbursed in a lump sum to Schmidt. Schmidt executed a Release of All Claims ("Release") on or about December 18, 2013, which outlined the terms of the parties' settlement. Schmidt agreed that the terms of the Release and the settlement amount shall be maintained in confidence.

**29.**

As acknowledged in the Release, in addition to the lump sum payment to Schmidt, Plaintiffs had previously paid substantial sums to or on behalf of Schmidt for medical expenses, maintenance and cure, and Medicaid set aside payments, all in reliance on Schmidt's representations regarding his injury and alleged disability.

**30.**

Plaintiffs also incurred significant expenses defending the Schmidt Litigation including but not limited to attorney's fees, court costs, and other litigation expenses.

**31.**

Pursuant to the Release, the remaining balance of the settlement proceeds were paid by Plaintiffs to defendant, BHG Structured Settlements, Inc., for disbursement through annuity contract(s) to be administered by defendant, Berkshire Hathaway Life Insurance

Company of Nebraska.  The Release required that the remainder of the settlement proceeds were to be disbursed to Schmidt and his attorneys, Edwards and Walker, in the form of periodic structured payments.  To date, some, but not all of these structured payments have been made.

**32.**

The Court entered a thirty-day Judgment of Dismissal on December 16, 2013. Doc. 95, Case. No. 6:12-cv-00930.  The Court entered a final Order of Dismissal of the Schmidt Litigation on January 8, 2014.  Doc. 97, Case No. 6:12-cv-00930.

**33.**

Several months after the Schmidt Litigation was dismissed, Cal Dive learned that Schmidt had committed perjury in his sworn testimony and that his injuries were neither permanent nor debilitating.  In fact, Schmidt is fully mobile and capable of not only walking unassisted, but driving a car and performing strenuous activities including jogging and yard work.

**34.**

Cal Dive has obtained surveillance video taken recently of Schmidt cutting his grass, shopping, driving, and jogging for at least two miles.

**35.**

Cal Dive also learned recently that on December 4, 2013, only weeks after the settlement had been reached and just prior to the execution of the Release, Schmidt obtained a driver's license and purchased a new 2014 Toyota 4-Runner on December 13, 2013, although he

had testified under oath that he was unable to sit up for more than a few minutes at a time; that he could no longer drive; and that he only could comfortably travel while fully reclined.

36.

In addition to his perjury, Schmidt also made numerous other fraudulent misrepresentations to Cal Dive by asserting in his pleadings, other court filings and documents that his injuries had rendered him totally and permanently disabled and unable to care for himself.

37.

But for Schmidt's perjury and other fraudulent misrepresentations, Plaintiffs never would have entered or funded the settlement of Schmidt's personal injury claims.

### COUNT I:  RESCISSION OF SETTLEMENT AGREEMENT AND RELIEF FROM ORDER OF DISMISSAL

38.

Plaintiffs adopt, reallege, and incorporate the preceding allegations of this Complaint, as if copied herein *in extenso*.

39.

Pursuant to Rule 60(b), this Court is authorized to relieve a party from a final judgment, order, or proceeding on the grounds of mistake, fraud, misrepresentation, or misconduct by an opposing party. Fed. R. Civ. P. 60(b)(1), (3). Relief under Rule 60(b) may be obtained by motion or through an independent action.

**40.**

Under general maritime law, this Court is authorized to set aside a settlement agreement for fraud when there has been a misrepresentation of material fact which the maker knew to be false and which induced the reliance of the other party. *Allen v. Noble Drilling (U.S.) Inc.*, 637 So. 2d 1298, 1301-02 (La. App. 4 Cir. 1994) (applying general maritime law). "[A] mistake of law or fact on one side, when accompanied by elements of fraud or overreaching on the other, is ground for setting aside an agreement if proved that, with the mistake corrected, the party seeking to set aside the agreement is entitled to a more favorable result than that fixed by the settlement." *Id.*

**41.**

Plaintiffs entered and funded the settlement agreement with Schmidt as a result of his material fraudulent misrepresentations regarding his injury, condition and alleged disability.

**42.**

Schmidt knew that these representations of fact were false when he made them and he made them with the intention that Cal Dive would rely upon them.

**43.**

Cal Dive relied upon Schmidt's material fraudulent misrepresentations and had no reason to know that Schmidt's statements were not truthful.

**44.**

But for Schmidt's material fraudulent misrepresentations regarding his injury, condition and alleged permanent disability, Cal Dive never would have entered the settlement

reached with Schmidt that resulted in the execution of the Release and dismissal of the Schmidt Litigation.

**45.**

Accordingly, Plaintiffs are entitled to have the settlement agreement and Release reached with Schmidt rescinded and set aside and the Order of Dismissal entered in the Schmidt Litigation vacated.

**46.**

Upon rescission of the settlement agreement and Release, Plaintiffs are entitled to be restored to the position they were in prior to the entry of the agreement. Accordingly, Plaintiffs are entitled to (1) recover from BHG Structured Settlements, Inc. and/or Berkshire Hathaway Life Insurance Company of Nebraska a refund of all undisbursed settlement funds and (2) to recover from Schmidt, Edwards and Walker, any and all funds paid to them pursuant to the settlement agreement and Release.

## COUNT II: FRAUD

**47.**

Plaintiffs adopt, reallege, and incorporate the preceding allegations of this Complaint, as if copied herein *in extenso*.

**48.**

Schmidt knowingly and intentionally made material misrepresentations of fact and/or suppressed the truth regarding his injury, condition and alleged disability in order to

induce Plaintiffs to compensate him. Plaintiffs had no reason to know that Schmidt's statements regarding his injury, condition and alleged disability were not truthful.

### 49.

Plaintiffs, relying upon Schmidt's material fraudulent misrepresentations, tendered substantial sums of money to Schmidt, and on his behalf, including but not limited to lump sum payments, medical expenses, maintenance and cure payments, Medicaid set aside payments, and structured settlement payments.

### 50.

But for Schmidt's material fraudulent misrepresentations regarding his injury, condition and alleged disability, Plaintiffs never would have tendered any funds to Schmidt, or on his behalf, in compensation for his alleged injuries.

### 51.

Accordingly, Plaintiffs are entitled to recover damages from Schmidt as a result of his fraud, including but not limited to any and all funds paid to Schmidt or on his behalf, as well as attorney's fees and all costs of these proceedings.

### **COUNT III: SANCTIONS**

### 52.

Plaintiffs adopt, reallege, and incorporate the preceding allegations of this Complaint, as if copied herein *in extenso*.

53.

This Court possesses an inherent power to sanction for a litigant's bad faith conduct, including the giving of perjured deposition testimony. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 49, 111 S. Ct. 2123, 2133-35, 115 L. Ed. 2d 27 (1991); *Brown v. Oil States Skagit Smatco*, 664 F.3d 71, 76 (5th Cir. 2011).

54.

Sanctions may include dismissal of the underlying litigation with prejudice and/or an award of the injured party's attorney's fees and costs of litigation. *Id.* Such sanctions serve the purpose of vindicating the court's authority and making the prevailing party whole for expenses caused by the other party's misconduct. *Id.*

55.

There is clear and convincing evidence of Schmidt's bad faith conduct in the Schmidt Litigation. Schmidt committed perjury during his three-day sworn deposition testimony. He fraudulently and repeatedly represented that he was severely and permanently injured and disabled; that he was unable to walk or stand except for very brief and infrequent periods of time; that he was unable to drive; and that he could not tolerate even the slightest exertion without excruciating pain.

56.

Schmidt represented to Plaintiffs and this Court that he was so severely injured that he required almost constant care, among other accommodations, for the rest of his life.

**57.**

The evidence shows that Schmidt's testimony and representations are false and were intentionally made for the purpose of inducing Plaintiffs to compensate him for his alleged injuries. In truth and fact, Schmidt is not permanently disabled. He can not only drive a car, but can walk and exercise and is fully capable of caring for himself. He does not require attendant care or the use of a wheelchair or accessible vehicle.

**58.**

Accordingly, this Court should use its inherent powers, or such other power as is available to it under statutory law, to impose sanctions against Schmidt for his bad faith conduct and perjury including but not limited to dismissal of the Schmidt Litigation with prejudice and/or reimbursement of all of Plaintiffs' litigation expenses, including attorney's fees and costs, incurred defending the Schmidt Litigation, as well as those incurred in bringing the present action.

**COUNT IV: UNJUST ENRICHMENT AND RESTITUTION**

**59.**

Plaintiffs adopt, reallege, and incorporate the preceding allegations of this Complaint, as if copied herein *in extenso*.

**60.**

Defendants, Edwards and Walker, were paid attorney's fees through the settlement agreement and Release in satisfaction of the contingency fee agreements between them and Schmidt.

**61.**

The settlement agreement and Release were procured through Schmidt's fraud and are therefore invalid. But for Schmidt's fraud, Plaintiffs never would have entered or funded the settlement or entered the Release.

**62.**

Although Plaintiffs do not believe that Edwards and Walker were aware of Schmidt's fraud, they, nonetheless, have been unjustly enriched, and Plaintiffs have been impoverished, without justification or cause.

**63.**

Plaintiffs have no other adequate remedy at law against Edwards and Walker.

**64.**

Accordingly, Plaintiffs are entitled to restitution from Edwards and Walker of all funds they have unjustly received pursuant to the invalid settlement agreement and Release.

## COUNT V: INJUNCTIVE RELIEF

**65.**

Plaintiffs adopt, reallege, and incorporate the preceding allegations of this Complaint, as if copied herein *in extenso*.

**66.**

Pursuant to Rule 65 of the Federal Rules of Civil Procedure, Plaintiffs are entitled, after adequate notice, to the entry of a preliminary injunction against defendants, BHG Structured Settlements, Inc. and Berkshire Hathaway Life Insurance Company of Nebraska,

prohibiting them from disbursing any further payments to Schmidt, Edwards or Walker until a final judgment has been entered in this proceeding.

**WHEREFORE**, Plaintiffs, Cal Dive International, Inc. and Underwriters, pray, that after due proceedings are had:

1. Defendants, BHG Structured Settlements, Inc. and/or Berkshire Hathaway Life Insurance Company of Nebraska, be preliminarily enjoined from making any further payments pursuant to the Release to defendants, Andrew Schmidt, Thomas R. Edwards, Thomas R. Edwards, Inc., APLC, or Joseph W. Walker, until a final judgment has been entered in this matter; and

2. That judgment be entered in Plaintiffs' favor and against defendants:

    a. Setting aside, rescinding and vacating the settlement agreement and Release entered between Plaintiffs and defendant, Andrew Schmidt;

    b. Setting aside and vacating the Order of Dismissal entered in *Schmidt v. Cal Dive International, Inc.*, Civil Action No. 6:12-cv-00930;

    c. Ordering defendants, BHG Structured Settlements, Inc. and/or Berkshire Hathaway Life Insurance Company of Nebraska, to refund all undisbursed settlement funds to Plaintiffs;

    d. Ordering defendants, Andrew Schmidt, Thomas R. Edwards, Thomas R. Edwards, Inc., APLC, and Joseph W. Walker, to reimburse to Plaintiffs all funds paid to them or on their behalf, including but not limited to, all lump sum payments, medical

expenses, maintenance and cure payments, Medicaid set aside payments, structured settlement payments, and attorney's fees;

   e. Ordering defendant, Andrew Schmidt, to pay all costs of these proceedings including attorney's fees;

   f. Imposing sanctions against defendant, Andrew Schmidt, for his bad faith conduct and perjury, including but not limited to dismissal of the Schmidt Litigation with prejudice and reimbursement of all of Plaintiffs' litigation expenses, including attorney's fees and costs, incurred defending the Schmidt Litigation, as well as those incurred in bringing the present action; and

   g. For such other legal and/or equitable relief as the Court deems appropriate.

        Respectfully submitted,

        _s/Joelle F. Evans_____
        Kyle Schonekas, 11817
        Joelle F. Evans, 23730
        Andrea V. Timpa, 29455
        SCHONEKAS, EVANS, MCGOEY &
        MCEACHIN, L.L.C.
        909 Poydras Street, Ste. 1600
        New Orleans, Louisiana 70112
        (504) 680-6050
        kyle@semmlaw.com
        joelle@semmlaw.com
        andrea@semmlaw.com

        Attorneys for Cal Dive International, Inc. and Underwriters