RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 05/07/19

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

Cal Dive International Inc.                                    Civil Action No. 14-03033

versus                                                          Judge Richard T. Haik, Sr.

Schmidt, et al                                          Magistrate Judge C. Michael Hill

## MEMORANDUM ORDER

Before the Court is a Motion To Amend March 4, 2015 Judgment And For Leave

To Amend Complaint filed by Plaintiffs, Cal Dive International, Inc. ("Cal Dive") and

Underwriters Severally Subscribing to Lloyd's Policy PE0903008 (collectively

"Plaintiffs")[1], [Rec. Doc. 81], Oppositions filed by Defendants, Thomas R. Edwards and

Thomas R. Edwards, Inc. APLC (collectively referred to as "Edwards"), [Rec. Doc. 86]

and by  Joseph Walker and Andrew Schmidt [Rec. Doc. 88][2] and Plaintiffs' Reply thereto

[Rec. Doc. 94],[3] as well as Defendants, Joseph Walker and Andrew Schmidt's, Motion To

Strike [Rec. Doc. 90] and Plaintiff's Opposition Memorandum [Rec. Doc. 96].   Oral

argument is not necessary.  For the reasons that follow, Plaintiffs' Motion To Dismiss will

---

[1]  Plaintiffs have informed the Court that they have filed a Notice of Appeal which they will pursue in the event the Court does not grant their Rule 59(c) Motion to Amend Judgment and Leave to Amend the Complaint. *R. 87.*

[2] Defendants, Joseph Walker and Andrew Schmidt adopt Edwards' Opposition Memorandum. *R. 88.*

[3]  The reply filed by Plaintiffs was 23 pages in length, 17 of which were substantive.  LR 7.8 of the  Local Rules for the Western District states that "no reply brief shall exceed **10 pages**," and Plaintiffs failed to seek leave to exceed the page limit.

be denied and Defendants' Motion To Strike will be denied as moot.

*Background*

Defendant Schmidt as well as Defendants Edwards and Walker, as counsel of record in Schmidt's underlying personal injury lawsuit against Cal Dive, entered into a Settlement Agreement on October 15, 2013, approximately one week before the bench trial was scheduled to begin. *Schmidt v. Cal Dive International, Inc.* The Settlement Agreement called for a lump sum payment with the balance as well as attorney's fees to Schmidt's counsel, Edwards and Walker, to be paid through a structured settlement funded by Cal Dive and administered by defendants BHG Structured Settlements, Inc. and Berkshire Hathaway Life Insurance Co. Of Nebraska.   On January 8, 2014, the Court issued a final Judgment granting the parties' Joint Motion To Dismiss With Prejudice.

Plaintiffs filed this lawsuit on October 15, 2014, seeking to dismiss the final Judgment of Dismissal and set aside the Settlement Agreement under Rule 60(b)(3), alleging they were fraudulently induced by Schmidt into resolving the suit before trial. Plaintiffs sought reimbursement for their litigation expenses, sanctions against Schmidt for bad faith, restitution from Schmidt's counsel and a preliminary injunction under Rule 65 prohibiting any further disbursement under the structured settlement.   Defendants filed motions to dismiss "for failure to plead fraud with particularity under Rule 9(b), failure to state a claim for unjust enrichment and/or restitution under Rule 12(b)(6), on grounds of res judicata, and for failing to join parties under Rule 19." The Court granted Defendants'

2

Motions to Dismiss all claims against them in a Memorandum Ruling and Judgment entered on March 4, 2015 ("Ruling").

*Analysis*

Plaintiffs filed this motion pursuant to Rule 59(e), asserting it was clear error for the Court to dismiss Cal Dive's suit without leave to amend the Complaint and to dismiss their restitution claim against Schmidt's counsel. They attach a copy of the proposed First Amended Complaint as Exhibit "A." Plaintiffs move the Court to reopen this case and amend the final judgment of dismissal allowing them to file the Amended Complaint.

Defendants contend the Court should deny Plaintiffs' motion to alter or amend the judgment and also rule that the Proposed First Supplemental and Amended Complaint be struck from the record because the additional allegations are not "new evidence not previously available" as required by Rule 59(e), but instead are redundant, incorrect and/or scandalous pursuant to Federal Rule of Civil Procedure 12(f).[4] Plaintiffs argue they do not contend the additional facts constitute "newly discovered evidence" under Rule 59(e). Rather, Plaintiffs argue, they merely seek "to correct the 'manifests[sic] error of law or fact'" in the Court's Ruling.

Altering or amending a judgment under Rule 59(e) is an "extraordinary remedy"

---

[4] "The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." FED. R. CIV. P.12(f). The decision to grant a motion to strike is within the court's discretion. *Jacobs v. Tapscott*, 2004 WL 2921806, at *2 (N.D.Tex.Dec.16, 2004).

3

used "sparingly" by the courts. *Templet v. Hydrochem, Inc.*, 367 F.3d 473, 479 (5th Cir.2004). A motion to alter or amend calls into question the correctness of a judgment and is permitted only in narrow situations, "primarily to correct manifest errors of law or fact or to present newly discovered evidence." *Id.* Thus, to prevail on a motion under Rule 59(e), the movant must clearly establish at least one of three factors: (1) an intervening change in the controlling law, (2) the availability of new evidence not previously available, or (3) a manifest error in law or fact. *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 567 (5th Cir.2003); *Ross v. Marshall*, 426 F.3d 745, 763 (5th Cir.2005) (to win a Rule 59(e) motion, the movant "must clearly establish either a manifest error of law or fact or must present newly discovered evidence").

"A Rule 59(e) motion should only be granted where there is new evidence that (1) probably changes the outcome of the case; (2) could not have been discovered earlier by proper diligence; and (3) is not merely cumulative or impeaching." *Molina v. Equistar Chemicals LP*, 261 Fed. App'x 729, 733 (5th Cir.2008) (citing *Schiller v. Physicians Res. Group Inc.*, 342 F.3d 563, 567 (5th Cir. 2003). Evidence is not newly discovered if it was available or easily accessible to a party prior to the movant moving for summary judgment. *In re Goff*, 579 Fed.Appx. 240, 245 (5th Cir. 2014) (citing *Infusion Resources, Inc. v. Minimed, Inc.,* 351 F.3d 688, 696–697 (5th Cir. 2003). Manifest error is defined as "[a]n error that is plain and indisputable, and *that amounts to a complete disregard of the controlling law or the credible evidence in the record*") (emphasis added). *See* Black's

4

Law Dictionary (9th ed.2009); *see also Bank One, Texas, N.A. v. F.D.I.C.*, 16 F.Supp.2d 698, 713 (N.D.Tex.1998) (quoting Black's Law Dictionary at 542–34 (6th ed.1990)).

Plaintiffs do not cite any intervening change in controlling law since the Court's March 4, 2015 Ruling and Judgment.  Although Plaintiffs contend they are not relying on any newly discovered evidence previously unavailable, they assert that the Court should allow them to file the Proposed Amended Complaint into the record to correct the Court's manifest error of law or fact which lead to the Court's Ruling.  Review of the Amended Complaint reveals it primarily includes more detailed information of allegations contained in Plaintiffs' Original Complaint which the Court acknowledged in its Ruling, as well as allegations related to Schmidt's Life Care Plan and the October 15, 2013 Settlement and Release Agreement—none of which constitute newly discovered evidence under Rule 59(e).[5]  While Plaintiffs assert the Court should grant their Rule 59(e) Motion based on a manifest error of law or fact, under the definitions cited in the foregoing the Court concludes that the Ruling contains neither a manifest error of fact nor a manifest error of law.

In its Ruling, the Court considered Plaintiffs' allegations in support of their claim

---

[5]  Plaintiffs contend they have newly discovered evidence that Schmidt has not been seen or treated by his treating physician since the October 15, 2013 settlement conference.  In support of their argument that this is a false allegation, Defendants attach as Exhibit 1 to their Motion to Strike the records of Dr. Harch indicating that Schmidt saw Harch on October 21, 2013.  *R. 85.* On April 23, 2015, the Court granted Defendants' motion to substitute an amended First Supplemental and Amended Complaint recognizing Plaintiff's October 21, 2013 appointment with Dr. Harch.  *R. 98.*

that Schmidt engaged in fraud by making material misrepresentations of fact and suppressing the truth regarding his condition and alleged disability in order to induce Plaintiffs to enter into the Settlement Agreement. The Court found that, based on the allegations in Cal Dive's Complaint, Plaintiffs would be unable to establish the existence of such fraud by clear and convincing evidence. The Court noted that the Complaint referenced Schmidt's past testimony under oath, but ultimately found there were no facts supporting Plaintiffs' general allegation that Schmidt had information contrary to his testimony or that he knowingly and willfully gave false testimony contrary to that information.

While Plaintiffs contend it was manifest error to dismiss the Complaint with prejudice without ordering them to amend,[6] dismissal with prejudice is appropriate if the court finds that the plaintiff has alleged its best case. *Jones v. Greninger*, 188 F.3d 322, 327 (5th Cir.1999) (per curiam). Here, the Court found that Plaintiffs' allegations failed to state a plausible claim that discovery would lead to the clear and convincing evidence that Schmidt engaged in fraud or other misconduct which prevented Cal Dive from fairly presenting their case. Allowing a plaintiff leave to amend would be futile if such amended complaint "could not survive a Fed.R.Civ.P. 12(b)(6) motion[.]" *Briggs v. Miss.*, 331 F.2d 499, 508 (5th Cir.2003); *see Rio Grande Royalty Co., Inc. v. Energy Transfer Partners,*

---

[6] The Court notes, in their opposition to Defendants' motions to dismiss Plaintiffs did not request that the Court allow them to amend the Complaint.

*L.P.*, 620 F.3d 465, 469 (5th Cir.2010) (affirming the district court's denial of leave to amend because the plaintiffs failed to state a claim for fraud).  In such situations, courts have discretion to deny the plaintiff leave to amend. *See Ackerson v. Bean Dredging, LLC,* 589 F.3d 196, 208 (5th Cir.2009) ("While there is a strong presumption in favor of granting leave to amend, a district court may refuse leave to amend if the complaint as amended would be subject to dismissal.").  *Carroll v. Fort James Corp.*, 470 F.3d 1171, 1175 (5th Cir.2006) (affirming a district court's dismissal for failure to state a claim without leave to amend after the court "instructed [the plaintiffs] to plead their fraud claim with greater particularity, but the amended complaint was still woefully inadequate").  "Clearly, if a complaint as amended is subject to dismissal, leave to amend need not be given." *Pan–Islamic Trade Corp. v. Exxon Corp.*, 632 F.2d 539, 546 (5th Cir.1980), *abrogated on other grounds.*

The Court finds that Plaintiffs' reasons for amending the Judgment are based on evidence and arguments previously heard and considered by the Court, and the Court's previous ruling was not based on an erroneous view of the law or an erroneous assessment of the evidence.  The Court continues to adhere to the Fifth Circuit's view of upsetting settlement agreements:

> There would be little security in the settlement of a personal injury claim if the binding effect of such a settlement depended upon the certainty of the extent and outcome of the injuries involved. It is the very consequences of these uncertainties which the parties seek to foreclose by settlement and to take their chances on their outcome.

*Strange v. Gulf & South American S. S. Co., Inc.*, 495 F.2d 1235, 1237 (5th Cir. 1974).

Accordingly,

     **IT IS ORDERED** that Plaintiffs, Cal Dive International, Inc. and Underwriters Severally Subscribing to Lloyd's Policy PE0903008's, Motion To Amend March 4, 2015 Judgment And For Leave To Amend Complaint  [Rec. Doc. 81] is **DENIED**.

     **IT IS FURTHER ORDERED** that Defendants, Joseph Walker and Andrew Schmidt's, Motion To Strike [Rec. Doc. 90] is **DENIED AS MOOT**.

     **THUS DONE AND SIGNED** this 7th day of May, 2015 at Lafayette, Louisiana.

                            Richard T. Haik, Sr.
                            U.S. District Judge